IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PHILLIP LACEFIELD,

Plaintiff,

vs. No. 05-2810-Ml/V

WREG-TV, INC., et al.,

Defendants.

---

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
ORDER DIRECTING PLAINTIFF TO PAY FULL $250 CIVIL FILING FEE

---

Plaintiff Phillip Lacefield, Bureau of Prisons inmate registration number 18183-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a pro se complaint pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., on October 26, 2005, along with a motion for leave to proceed in forma pauperis.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the

proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.”).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, “[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed.” In re Alea, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

This plaintiff previously filed three lawsuits that were dismissed for failure to state a claim or as frivolous. See Lacefield v. The New York Times Co., et al., No. 05-CV-8408-MBM (S.D.N.Y. dismissed for failure to state a claim Sept. 30, 2005); Lacefield v. The New York Times, et al., No. 05-2233-B/P (W.D. Tenn. dismissed for failure to state a claim Oct. 4, 2005); Lacefield v. Wise, et al., No. 4:05CV01139SWW/JTR (E.D. Ark. dismissed as frivolous, malicious, and for failure to state a claim Oct. 24, 2005). Accordingly, the plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

In this most recent case, the plaintiff asserts that he has a common-law copyright on his name, "Phillip Anthony Lacefield." Exhibit A to the complaint consists of an undated document, entitled "COPYRIGHT NOTICE for PHILLIP ANTHONY LACEFIELD©," that purports to grant a security interest in the assets of any person or entity who uses Lacefield's name without permission in the amount of $500,000 for each unauthorized use. The complaint alleges that the defendants have used the plaintiff's name without permission from 2001 through 2005. Attached to the complaint as Exhibit B are copies of news reports concerning the criminal proceedings against Lacefield. These claims do not even arguably come within the exception to 28 U.S.C. § 1915(g) and, therefore, plaintiff cannot litigate them without first tendering the civil filing fee.

Accordingly, plaintiff's application to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g). Plaintiff is ORDERED to remit the entire $250 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly from the plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. Alea, 286 F.3d at 381-82.[1]

---

[1] As the Sixth Circuit explained: "Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions—whatever their merit or disposition—will provide a prisoner with the incentive to consider
(continued...)

IT IS SO ORDERED this 17th day of January, 2006.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

[1] (...continued)
carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints—thus taking much valuable time away from other non-frivolous litigation—without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant." Id. at 382.