IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PHILLIP LACEFIELD,

    Plaintiff,

vs.                                     No. 05-2810-Ml/V

WREG-TV, INC., et al.,

    Defendants.

---

ORDER VACATING JUDGMENT
ORDER DENYING MOTION FOR RECONSIDERATION
AND
SECOND ORDER DIRECTING PLAINTIFF TO REMIT CIVIL FILING FEE

---

    Plaintiff Phillip Lacefield, Bureau of Prisons ("BOP") inmate registration number 18183-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas,[1] filed a pro se complaint pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., on October 26, 2005 along with a motion for leave to proceed in forma pauperis. Because plaintiff previously filed three lawsuits that were dismissed for failure to state a claim or as frivolous,[2] the Court issued an order on January 17, 2006 denying leave to proceed in forma

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] See Lacefield v. The New York Times Co., et al., No. 05-CV-8408-MBM (S.D.N.Y. dismissed for failure to state a claim Sept. 30, 2005); Lacefield v. The New York Times, et al., No. 05-2233-B/P (W.D. Tenn. dismissed for failure to state a claim Oct. 4, 2005); Lacefield v. Wise, et al., No. 4:05CV01139SWW/JTR (E.D. Ark. dismissed as frivolous, malicious, and for failure to state a claim Oct. 24, 2005).

pauperis and directing the plaintiff to remit the civil filing fee within thirty days. Because it appeared that plaintiff failed timely to respond to the Court's order, the Court authorized the entry of a dismissal order and judgment on February 28, 2006 but, due to an error, only the judgment was entered. In the meantime, on February 22, 2006 the Clerk filed a motion for reconsideration submitted by the plaintiff. As no dismissal order was entered, the judgment entered on February 28, 2006 is VACATED.

Although the plaintiff's motion for reconsideration was purportedly signed on February 14, 2006, it was received by the Clerk one week later, on February 21, 2006. As the Clerk neglected to scan the mailing envelope, it is not practicable to determine when the plaintiff's motion was received by prison officials and, therefore, whether it was timely. The Court will assume, for purposes of this order, that plaintiff's response was timely or that any late filing should be excused because of a change in his location.[3]

As to the substance of the motion for reconsideration, the plaintiff states that each of the cases he filed is on appeal. There is a division of authority in the federal courts as to when a "strike" may properly be assessed when a prisoner files a notice of appeal, and the Sixth Circuit has not addressed the issue. The Seventh Circuit has held that a "strike" takes effect when it is issued by a district court, see Robinson v. Powell, 297 F.3d 540 (7th

---

[3] Although not clearly stated in the plaintiff's motion, it appears that he is currently, albeit temporarily, incarcerated at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee. As that address is apparently temporary, and as the BOP website lists the plaintiff's location as "In Transit," the Clerk shall send copies of this order to his address of record and to the WTDF.

Cir. 2002) (holding that once a district court imposes a third strike, it may not authorize a prisoner to appeal in forma pauperis the disposition of the case in which the strike was assessed), whereas two other circuits decline to read the statute literally and, instead, hold that a "strike" becomes final only when affirmed on appeal or after expiration of the time for appeal, Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996); Jennings v. Natrona County Detention Center Med. Facility, 175 F.3d 775, 779-80 (10th Cir. 1999).

    The facts of the instant case illustrate why the Court finds the Seventh Circuit's reasoning to be persuasive. This is the fifth lawsuit this plaintiff has filed in a relatively short time, and in four different forums, against numerous media outlets that reported on criminal charges brought against the plaintiff in this district and the conduct underlying those charges. Three of those lawsuits have been dismissed and "strikes" assessed against the plaintiff. See supra p. 1 n.2.[4] None of the jurisdictions that imposed those "strikes" has a rule that that strike takes effect only after the conclusion of appellate review. Although the complaint in the instant action is difficult to decipher, it is brought against the same parties that were sued in the previous actions, based on the same conduct at issue in the previous actions, and under some of the same legal theories that were asserted in one or more of the previous actions. The complaint in this case does appear to assert at least

---

[4] The fifth lawsuit, which was filed in the United States District Court for the District of Massachusetts on July 22, 2005, is pending. Lacefield v. Leasecomm, et al., No. 05-11581-RCL (D. Mass.).

one new claim, under a common-law copyright theory, but it is readily apparent that that claim could have been asserted in one or more of the plaintiff's previous cases. It appears likely, therefore, that this plaintiff has split his claims against these defendants into multiple lawsuits in an effort to harass the defendants. The Court is not inclined to ignore this plaintiff's litigation history against these defendants during the pendency of his appeals, thereby affording him the opportunity to incur a fourth strike. The motion for reconsideration is DENIED.

The plaintiff is ORDERED, for the second time, to pay the civil filing fee within eleven (11) days of the date of entry of this order. No further extensions of time will be afforded. Failure to tender the filing fee will result in the dismissal of this action and the immediate assessment of the entire filing fee from the plaintiff's inmate trust fund account.

IT IS SO ORDERED this 29th day of March, 2006.

        /s/ Jon P. McCalla
        JON PHIPPS McCALLA
        UNITED STATES DISTRICT JUDGE