```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

PHILLIP LACEFIELD,

       Plaintiff,

vs.                                      No. 05-2810-Ml/V

WREG-TV, INC., et al.,

       Defendants.

```
                              ORDER OF DISMISSAL
                   ORDER ASSESSING $250 CIVIL FILING FEE
              ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                      AND
                       NOTICE OF APPELLATE FILING FEE
```

Plaintiff Phillip Lacefield, Bureau of Prisons inmate registration number 18183-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City"), filed a pro se complaint pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., on October 26, 2005 along with a motion for leave to proceed in forma pauperis. Because plaintiff previously filed three lawsuits that were dismissed for failure to state a claim or as frivolous,[1] the

---

[1] See Lacefield v. The New York Times Co., et al., No. 05-CV-8408-MBM (S.D.N.Y. dismissed for failure to state a claim Sept. 30, 2005); Lacefield v. The New York Times, et al., No. 05-2233-B/P (W.D. Tenn. dismissed for failure to state a claim Oct. 4, 2005); Lacefield v. Wise, et al., No. 4:05CV01139SWW/JTR (E.D. Ark. dismissed as frivolous, malicious, and for failure to state a claim Oct. 24, 2005).

    Since the issuance of the January 17, 2006 order, another case filed by this plaintiff against some of the defendants named in this action, which asserts some of the same claims, was dismissed for failure to state a claim. Lacefield v. Leasecomm, et al., No. 05-11581-RCL (D. Mass. dismissed May 11,
(continued...)

Court issued an order on January 17, 2006 denying leave to proceed <u>in forma pauperis</u> and directing the plaintiff to remit the $250 civil filing fee within thirty days. Because it appeared that plaintiff failed timely to respond to the Court's order, the Court authorized the entry of a dismissal order and judgment on February 28, 2006 but, due to an error, only the judgment was entered. In the meantime, on February 21, 2006 the Clerk filed a motion for reconsideration submitted by the plaintiff. On March 30, 2006, the Court issued an order vacating the judgment and denying the motion for reconsideration. The order further provided as follows:

> The plaintiff is ORDERED, for the second time, to pay the civil filing fee within eleven (11) days of the date of entry of this order. No further extensions of time will be afforded. Failure to tender the filing fee will result in the dismissal of this action and the immediate assessment of the entire filing fee from the plaintiff's inmate trust fund account.

03/30/06 Order at 4.[2]

Plaintiff did not pay the filing fee as directed by the March 30, 2006 order. Instead, on April 11, 2006, plaintiff filed a motion seeking reconsideration of the March 30, 2006 order. In his most recent motion, the plaintiff argues that his complaint should not be dismissed unless it appears beyond doubt that he can prove no set of facts in support of his claim that would entitle him to

---

[1] (...continued)
2006). Judgment was entered on May 15, 2006.

[2] On March 14, 2006, plaintiff filed a notice of change of address that included a request for a copy of the dismissal order. As previously stated, due to an error no dismissal order was issued. On March 29, 2006, plaintiff filed a memorandum in further support of his motion for reconsideration. On April 4, 2006, plaintiff filed a motion seeking judgment on the pleadings on the ground that no ruling had been issued on his motion for reconsideration. In light of the issuance of the March 30, 2006 order, these motions are DENIED as moot.

2

relief. This argument overlooks 28 U.S.C. § 1915(g), which requires prisoners such as plaintiff to remit the full civil filing fee before the merits of their complaints may be considered. Plaintiff also cites Wilson v. Yaklich, 148 F.3d 596 (6th Cir. 1998), for the proposition that "access to the courts to be afforded an inmate must be adequate, effective, and meaningful," and he suggests that dismissal of his complaint pursuant to 28 U.S.C. § 1915(g) will violate that principle. Ex Parte Motion of Plaintiff for Reconsideration of Court's Order Denying Motion for Reconsideration and Second Order Directing Plaintiff to Remit Civil Filing Fee with Incorporated Memorandum of Law in Support, filed Apr. 11, 2006, at 2 (emphasis in original). The decision in Wilson is of no assistance, however, because the Sixth Circuit rejected various constitutional challenges to § 1915(g), holding, in pertinent part, that "§ 1915(g) does not infringe upon the fundamental right of access to the courts." 148 F.3d at 605. Finally, although the motion refers repeatedly to the plaintiff's right of access to the courts to litigate his constitutional claims, the plaintiff's complaint does not assert any constitutional claims. Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only"). For all the foregoing reasons, the Court DENIES plaintiff's latest motion for reconsideration.

The March 30, 2006 order provided, in pertinent part, that "[f]ailure to tender the filing fee [within eleven days] will result

in the dismissal of this action and the immediate assessment of the entire filing fee from the plaintiff's inmate trust fund account." 03/30/06 Order at 4. As plaintiff has not paid the $250 civil filing fee, the Court DISMISSES the complaint without prejudice, pursuant to 28 U.S.C. § 1915(g) and Fed. R. Civ. P. 41(b).[3]

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997); cf. In re Alea, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee). In addition, the Court IMPOSES an additional sanction in the amount of $250 due to the plaintiff's failure to comply with the sanctions order, the deliberate misrepresentation about his previous cases, and the filing of yet another case raising the same issues that had previously been decided adversely to the plaintiff.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall withdraw from the plaintiff's trust fund

---

[3] The docket sheet indicates that several orders issued in this case were returned as undeliverable by the post office. During the pendency of this action, plaintiff was housed either at FCI-Forrest City or, temporarily, at the West Tennessee Detention Center ("WTDF") in Mason, Tennessee during the resentencing in his criminal cases. The March 30, 2006 order was mailed to the plaintiff at both FCI-Forrest City and at the WTDF, and plaintiff's filing of another motion for reconsideration makes clear that he received that order. Therefore, there appears to be no question that plaintiff had notice of each of the orders issued in this case.

account the sum of $250 and forward that amount to the Clerk of this Court. If the funds in plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into the plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of
      Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change

of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on the plaintiff's ability to file future lawsuits in this Court, without any additional notice or hearing by the Court.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at FCI-Forrest City. The Clerk is further ORDERED to forward a copy of this order to the warden of FCI-Forrest City to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case pursuant to

28 U.S.C. § 1915(g) and Fed. R. Civ. P. 41(b) also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. However, as four of plaintiff's cases have been dismissed for failure to state a claim or as frivolous,[5] 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

Accordingly, if Lacefield files a notice of appeal, he is required to remit the entire appellate filing fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that court will

---

[4] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[5] See supra p. 1 n.1.

7

dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

IT IS SO ORDERED this 14th day of June, 2006.

        /s/ Jon P. McCalla
        JON PHIPPS McCALLA
        UNITED STATES DISTRICT JUDGE